UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80280-CIV-HURLEY

**VICTORIA MAGALDI,**
    Plaintiff,

vs.

**SAFECO INSURANCE COMPANY
OF AMERICA,**
    Defendant.
_____

**ORDER GRANTING IN PART & DENYING IN PART
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

**THIS CAUSE** is before the court upon the defendant's motion to dismiss plaintiff's complaint based on *res judicata* [DE# 4] and corresponding motion for the court take judicial notice of the record in the earlier filed cases of *Victoria Magaldi v Safeco Insurance Company of America,* Case No. 07-80618-CIV-HURLEY ("*Migaldi I*"), and *Victoria Magaldi v Safeco Insurance Company of America*, Case No. 09-80508-CIV-HURLEY (*"Migaldi II*) [DE# 5]. For reasons which follow, the court has determined to grant the motion to take judicial notice, and to deny in part and grant in part the motion for dismissal based on *res judicata*.

## Background

    This is the third case to come before this court involving plaintiff Victoria Migaldi (Migaldi)'s homeowner insurance claim for windstorm damage caused by Hurricanes Frances, Jeanne and Wilma. Defendant Safeco Insurance Company of America ("Safeco") did not dispute coverage of the claim, but instead declined to pay the full amount claimed and invoked the policy's mandatory appraisal provision to determine the sum payable for losses that were disputed as to value.

    The parties were at first unable to come to agreement on appointment of an umpire, and on

July 12, 2007, Migaldi filed her first suit seeking court appointment of an umpire (Count 1) and issuance of a declaratory judgment determining the scope of coverage available under the policy (Count 2). *Migaldi v. Safeco Ins. Co. of America*, Case NO. 07-80618-CIV-HURLEY ("*Migaldi I*"). The parties later came to agreement on selection of an umpire, and on January 3, 2008, the court *sua sponte* stayed the Migaldi's remaining petition for declaratory relief pending resolution of appraisal.

On February 5, 2008, Migaldi advised the court that the appraisal proceedings previously concluded on December 13, 2007 with entry of an award in the total amount of $153,355.93 [*Migaldi I,* DE## 26, 31, 32-2]. Shortly after, Safeco tendered the full amount of the award in accordance with the loss payment provision of the policy, and Migaldi accepted and negotiated the various drafts tendered in satisfaction of the award in April, 2008. She did not seek judicial review of the award within the ninety-day period prescribed by § 682.13, Fla. Stat. (2007).[1]

Instead, with the appraisal process thus concluded, Migaldi pressed forward with her complaint for declaratory relief in *Migaldi I,* proceeding with a motion for summary judgment establishing her entitlement to the policy's full dwelling coverage limits of $451,000.00 pursuant to Florida's Valued Policy ("VPL") law. Safeco, in turn, filed cross-motion for summary judgment effectively seeking confirmation of the award via issuance of final declaratory judgment establishing its full compliance with the policy's loss payment provision based on payment of the

---

[1] Under § 682.13(1)(a), a party may move to vacate an arbitration award on limited statutorily authorized grounds, including the ground that "the award was procured by corruption, fraud or other undue means." Since, under Florida law, an appraisal provision in a homeowner policy is generally treated the same as an arbitration provision, *see Allstate Ins. Co. v Suarez*, 786 So.2d 645 (Fla. 3d DCA 2001); *Prestige Protection Corp. v. Burns Intern. Sec. Serv. Corp.*, 776 So.2d 311 (Fla. 4th DCA 2001), this vehicle of limited judicial review was available to either party at the conclusion of appraisal.

appraisers' award. The court denied both motions in order to permit further record development on facts pertinent to the applicability of Florida's Valued Policy Law.

On November 14, 2008, Safeco filed a renewed motion for summary judgment seeking declaration that the Florida VPL did not apply to this loss, that the parties accordingly remained bound by the policy's appraisal provision, and that it had fully complied with the policy's loss payment provision by making full payment of the appraisers' award. In defense of the renewed motion, Migaldi argued that there were still disputed issues of fact material to the applicability of Florida's Valued Policy law which precluded ruling on whether Safeco had fully satisfied its indemnity obligations by simple payment of the appraisers' award. Notably, plaintiff did not resist summary judgment by raising any issue regarding the validity of the appraisers' award in any aspect, or the underlying process by which it was obtained.

On February 9, 2009, the court granted Safeco's renewed motion for summary judgment, concluding that Florida's VPL did not apply to Migaldi's claim because there was no "total constructive loss" of her residence, and that without a VPL override both parties remained bound by the appraisal award. Accordingly, the court entered final declaratory judgment in favor of Safeco in *Migaldi I* declaring that Safeco's full payment of the appraisers' award satisfied its indemnity obligations toward its insured under the policy. Migaldi did not appeal that judgment.

On February 24, 2009, Migaldi filed a second action, *Migaldi v Safeco Insurance Company of America*, Case No. 09-80508, "*Migaldi II,*" seeking to hold Safeco liable for breach of contract for failing to pay further sums allegedly due under the policy for the same loss. In her second filed suit, Migaldi acknowledged that these claims were previously submitted to appraisal, but contended that "[t]he appraisal process failed to address all of the damages caused by the hurricane [sic] as they

3

inappropriately applied a $10,000 mold cap to the building and personal damages." [Migaldi *II,* Complaint, ¶14][DE# 1]. On August 11, 2009, this court dismissed *Migaldi II* , with prejudice, finding the suit barred by the doctrine of *res judicata* because it involved a scope of coverage issue which was actually litigated and necessary to the judgment entered in *Migaldi I*. Plaintiff did not appeal that ruling.

On January 12, 2010, Migaldi filed the present suit, "*Migaldi III*," alleging a Florida Statute § 624.155 bad faith claim against Safeco relating to the same insurance claim. Here, Migaldi alleges that Safeco engaged in bad faith in the appraisal process by misrepresenting pertinent facts relating to coverages and facts of the loss at issue, including misrepresentations regarding the applicability of the policy's mold cap, and misrepresentations regarding damages from the first appraisal of the claims, leading to a "mishandling" of plaintiff's second appraisal. Migaldi also charges Safeco with improper delay in the adjustment of her losses through use of multiple independent adjusters, and improper delay in the appraisal process itself. Thus, in part, the current complaint attacks the validity of the appraisers' award on ground of "improper" procurement through bad faith claims handling techniques and tactics on the part of Safeco, and seeks to charge Safeco with liability for the alleged resulting diminution in the appraisers' valuation of her claim under the Florida first party bad faith statute.

This matter is currently before the court on Safeco's motion to dismiss on ground of *res judicata.* Safeco essentially contends that because Migaldi failed to challenge the appraisers' award or to appeal the judgment which confirmed the award in *Migaldi I,* her subsequent bad faith suit relating to Safeco's handling of her original windstorm claim is barred under principles of *res judicata*.

**Discussion**

The doctrine of *res judicata* encompasses two distinct rules concerning the preclusive effect of a prior adjudication. Under the rule of "claim preclusion," a judgment, once rendered, operates as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action," regardless of whether the claim was actually raised in the first filed suit. This rule is designed to avoid multiple suits or identical entitlement or obligations between the same parties, as they would otherwise be accompanied by a redetermination of identical issues of duty and breach. *Kaspar Wire Works, Inc. v Leco Engineering & Machine, Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978). Under the related doctrine of "issue preclusion," also designed to minimize redundant litigation, the rule bars relitigation of issues actually adjudicated and essential to the judgment in a prior litigation between the same parties. *Id.* 535-536.

Under the declaratory judgment exception to the rule, the preclusive effect of a declaratory judgment is limited to the subject matter of the declaratory relief, with the rule of preclusion prohibiting only relitigation of any issue *actually litigated* and necessary to the judgment rendered in the first filed suit. *Empire Fire & Marine Ins. Co. v J. Transport, Inc*. 880 F.2d 1291, 1296 (11th Cir. 1989), citing *Kasper* at 537 and Restatement of Judgments 2d §33 (1982). [2] *See also Harborside Refrigerated Services, Inc. v Vogel*, 959 F.2d 368, 372 (2d Cir. 1992)(where prior action involved only request for declaratory relief, preclusive effect of declaratory judgment is

---

[2]Section 33, Restatement Judgments 2d (1982) provides:

A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.

limited so subject matter of declaratory relief sought); *Cimasi v City of Fenton, Mo.*, 838 F.2d 298 (8th Cir. 1988) ( *res judicata* attaches to precise issue presented in the prior declaratory judgment action). A similar limitation applies with respect to the *res judicata* or collateral estoppel effect of arbitration or appraisal awards. *See e.g. Dadeland Depot, Inc. v St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265 (11th Cir. 2007)(prior arbitration proceeding did not bar bad faith refusal to settle claim, but did collaterally estop insurer from raising defenses that were raised and rejected in prior arbitration).

In *Migaldi I*, plaintiff sought a determination on the scope of coverage available for damages caused by Hurricanes Frances, Jeanne and Wilma, specifically seeking a declaration that Florida's Valued Policy Law entitled her to recovery of the full policy limits. The court ultimately ruled against Migaldi on this issue, finding that Florida's Valued Policy Law did not apply and that the parties were therefore bound by the mandatory appraisal provisions of the policy. At the same time, on cross motion of Safeco, the court held that Safeco had fully complied with the loss payment provision of the policy by fully paying the appraisers' award. Because neither party appealed from that judgment, it is final and conclusive as to any issues actually litigated and determined in that first filed proceeding. *See Empire Fire & Marine, supra.*

Because the "scope of coverage" issue was actually litigated and determined in the first filed declaratory judgment action, this court subsequently held, in *Migaldi II,* that the doctrine of *res judicata* barred Migaldi from bringing a breach of contract action on the policy for additional damages allegedly due as a result of the appraisal panel's alleged error in application of a policy limitation. In this case, *Migaldi III*, Safeco contends that because Migaldi did not seek judicial review of the appraisal award or an appeal from the final judgment confirming the award in *Migaldi*

*I,* res judicata prevents her from now revisiting the findings of the appraisal panel, and similarly prevents her from raising arguments regarding any alleged bad faith or improper conduct that occurred during the appraisal process.

The court agrees that principles of *res judicata* prevent either party from now revisiting the validity of the appraisers' award, as well as the final computations or underlying methodologies of the appraisers. *See e.g. Dadeland Depot, Inc. v St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265 (11th Cir. 2007); *Wailua Associates v Aetna Casualty & Surety Company*, 27 F. Supp. 2d 1211 (D. Hawaii) (after confirmation of arbitration award, doctrines of issue and claim preclusion barred relitigation of damage and repair figures calculated by arbitrators, but did not preclude bad faith claims regarding unreasonable delay in payment).

However, to the extent plaintiff's current bad faith claims are based on allegations of improper, unreasonable delay in the claims adjustment process generally or appraisal process specifically, these are separate and distinct claims which were not actually litigated and necessary to the award entered by the appraisers or the declaratory judgment entered by the court in *Migaldi I,* and therefore survive *res judicata* applications. *See Dadeland Depot, supra; Wailua Associates, supra.* Therefore, defendant's motion to dismiss plaintiff's current complaint shall be denied to the extent it is premised on these separate and distinct claims. As observed by the court in *Wailua Associates v Aetna Casualty & Surety Company*, 27 F. Supp. 2d 1211 (D. Hawaii):

> [The insurer's] submission to the appraisal does not absolve it from liability for bad faith as 'the trier of fact could reasonably conclude that .. [the insurer] intentionally delayed the appraisal process.' *Green v International Ins. Co.*, 238 Ill. App.3d 929, 179 Ill. Dec. 111, 605 N. E.2d 1125, 1129 (Ill. App. 1992). .... '[I]f an insurer could utilize the apprisal process to shield itself from the consequences of failing to make a reasonable settlement offer ... it would defeat the principles' underlying a separate cause of action for liability outside the insurance policy. *Smithson v United States Fidelity & Guaranty Co.*, 186 W. Va. 195, 411 S.E2d 850 (W. Va. 1991)

7

27 F. Supp. 2d at 1220. Thus, an insurer who ultimately pays a claim may be held liable for bad faith in the event of unreasonable delay in the processing and adjustment of the claim. *Id.*, citing *Best Place Inc. v Penn America Ins. Co.*, 82 Hawaii 120, 920 P.2d 334, 347 (Haw. 1996).

Following this reasoning here, the court concludes, in the context of the instant appraisal proceedings, that Migaldi may pursue a statutory bad faith claim against Safeco based on alleged unreasonable delay: (1) from the time Migaldi initially submitted her claim to the time Safeco initiated the appraisal proceedings; (2) for the time during the appraisal; and (3) for the time between confirmation of the appraisers' award (i.e. entry of final declaratory judgment in *Migaldi I*) and the time that Safeco tendered full payment the award to its insured. *See Wailua Associates, supra.* On the other hand, Migaldi may not challenge whether information submitted by Safeco to the appraisal panel regarding policy coverages and limitations, or facts relating to the losses at issue was relevant or accurate, or properly within the panel's scope or authority. *Id*.

Because her current complaint includes other allegations regarding the appraisal and Safeco's conduct within the context of that proceeding, as drafted her complaint includes claims barred by applications of *res judicata*. Accordingly, the court shall dismiss the complaint without prejudice for Migaldi to replead her allegations regarding delay in insurance benefits to the extent permitted by this order.

## Conclusion

The principles of finality and judicial efficiency which underlie the doctrines of *res judicata* and collateral estoppel bar Migaldi's current suit to the extent it seeks to set aside the appraisers' award or recover additional benefits allegedly due under the policy by virtue of mistake in the damage and repair figures calculated by the appraisers, whether induced by Safeco's alleged "bad

faith" conduct, "improper tactics," other undue means or otherwise. On the other hand, the prior appraisal proceedings and declaratory judgment entered in *Migaldi I* do not preclude her current bad faith claims to the extent premised on allegations of unreasonable delay in the adjustment of the loss, appraisal of claim, or payment of claim, as more specifically articulated above. *See Dadeland Depot, Inc., supra; Bullard Building Condominium Association, Inc. v Travelers Property Casualty Co. of America*, 2009 WL 2423436 (M.D. Fla. 2009).

It is accordingly **ORDERED AND ADJUDGED:**

1. The defendant's motion for the court to take judicial notice of the record in *Migaldi I,* Case No. 07-80618-CIV-HURLEY and Migaldi II, Case No. 09-80508-CIV-HURLEY [DE# 5] is **GRANTED.**

2. The defendant's motion to dismiss this action with prejudice based on *res judicata* [DE# 4] is **GRANTED in PART and DENIED in PART.**

3. Plaintiff's original complaint in this action is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended complaint which conforms to the prescriptions of this order within **TWENTY (20) DAYS** from this date.

` **DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 22nd day of June, 2010.

                                          Daniel T. K. Hurley
                                          United States District Judge

cc. All counsel